IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA LORRAINE SHEELEY                                                PLAINTIFF

V.                                  NO. 11-2004

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Cynthia Lorraine Sheeley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current application for DIB on April 16, 2008, alleging an inability to work since February 3, 2008, due to chronic back problems. (Tr. 128, 132). An administrative hearing was held on July 9, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 37-59).

By written decision dated January 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - back

-1-

disorder. (Tr. 67). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 67). The ALJ found Plaintiff retained the residual functional capacity (RFC) to :

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. She can occasionally climb, balance, stoop, kneel, crouch and crawl. She is to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery.

(Tr. 67-68). With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform any past relevant work, but could perform other work, such as an escort vehicle driver, assembly worker, and charge account clerk. (Tr. 71).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 6, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

AO72A
(Rev. 8/82)

in light of her residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Regarding Plaintiff's subjective complaints, the ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  However, he concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his residual functional capacity assessment. (Tr. 70).  As stated above, one of the factors the ALJ is required to consider is the dosage, effectiveness, and side effects of Plaintiff's medication.  It is not disputed that Plaintiff suffered with chronic lower back pain for some time, apparently as a result of an injury she sustained when she was a child.  The record reflects Plaintiff began seeking treatment for her pain in October of 2007, by her treating physician Dr. Walter R. Young. (Tr. 209-210).  At that

time, Plaintiff was apparently taking Meloxicam for pain, because on October 15, 2007, Dr. Young changed her medication to Lorcet because "Meloxicam 7.5 BID not working." (Tr. 210). For the remaining months in 2007, Plaintiff underwent a MRI and bone scan, and began receiving lumbar epidural steroid injections, to try to determine and alleviate the problem. (Tr. 209, 212-214, 231-236, 250-256, 259-260, 264-265, 279, 281-283, 288-289, 292, 313).

Beginning in January of 2008, Plaintiff received additional steroid injections, with very little relief. (Tr. 217-230, 267, 269-276). In Plaintiff's undated Disability Report - Adult, she reported that she was taking "Propo-n/apap" for pain, which "knocks me out." (Tr. 137). She also reported that she refused to take the pain medications during the day when the children were home "because the meds knock me out." (Tr. 132). On June of 2008, Plaintiff was reported as taking Darvocet, and also underwent physical therapy, which gave her very little relief. (Tr. 319, 307-310). Plaintiff was evaluated at UAMS for consideration of sacroiliac fusion, and they did not recommend a sacroiliac fusion because they did not feel that it would alleviate her pain. They instead recommended that she continue pain control measures and return to her primary care physician for further care. (Tr. 320). On July 18, 2008, Dr. Young noted that physical therapy had, by her account, made her back worse, and he did not have anything else to offer Plaintiff. (Tr. 312). He reported that she should continue Ibuprofen 800 tid. (Tr. 312).

In Plaintiff's August 4, 2008 report of Pain and Other Symptoms, Plaintiff reported that she was taking Tramadol and Tizandine, which she reported as causing drowsiness. (Tr. 162). In an Undated Disability Report - Appeal, in which Plaintiff stated that she was barely able to get into a vehicle to go to appointments and church, and that it was quite difficult to dress herself, she reported taking Tizandine and Tramadol for pain, and that both caused drowsiness.

(Tr. 184). She subsequently reported taking Tramadol for low back pain and Feldene for inflammation. (Tr. 189). On February 20, 2009, Plaintiff reported to Dr. Cheyne that she had been taking Mobic and that it had been making her feel bad, so she wanted to try a different medication. The doctor stopped the Mobic and put her on Feldene. (Tr. 331). On April 3, 2009, Dr. Young reported that Plaintiff was taking Meloxicam and Tramadol for sacroiliitis. (Tr. 336). At the hearing held on July 9, 2009, Plaintiff testified that she was taking Tramadol and an anti-inflammatory, and stated they helped a little, but "not a whole lot," and she still had pain. (Tr. 48). She further testified that the medication made her "groggy, all flipped out." (Tr. 49).

The ALJ stated that Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible "in light of discrepancies between the claimant's assertions and information contained in the documentary reports and the medical history." (Tr. 70). In discussing the discrepancies, the ALJ stated that Plaintiff's condition was "treated with pain medication and numerous epidural injections." (Tr.70). However, the ALJ failed to note that Plaintiff continued to have pain even while taking the medications, and that the injections gave her little relief. There is no suggestion that Plaintiff was not pursuing a valid course of treatment. In fact, surgery was not recommended, and she was referred back to her primary care physician for pain management. See Bowman v. Barnhart, 310 F.3d 1080, 1084 (8th Cir. 2005)(holding that the ALJ erred in discounting Bowman's allegations of disabling pain because she had been treated medically, not surgically, for her impairments.). By July 18, 2008, Dr. Young reported that he had nothing else to offer Plaintiff. (Tr. 312). He continued:

> She has been around the world now seen multiple physicians. No one has come up with a definite diagnosis and/or treatment. She continues to complain. No [sic] sure what her next step is.

> Continue Ibuprofen 800 tid.
> I have no further test to order. The physical therapy has now stopped because of no response. She is scheduled to come back in two months.
> We gave her a note for one month to see how thing [sic] go and if not better will follow up back her [sic] then. This patient appears at this stage in some situation where her only option is that of taking disability. I am not sure what her problem is and at this stage the issue of her persistent back pain is unresolved.

(Tr. 312).

The ALJ failed to discuss the side effects Plaintiff continued to complain of - drowsiness and grogginess - and the impact this would have on Plaintiff's ability to function in the workplace. In a case such as this, where the record indicates many different pain medications were prescribed, the Court believes the ALJ was obligated to contact Dr. Young, or another examining physician, for additional evidence or clarification, and for an assessment of how the Plaintiff's back disorder and back pain limited her ability to engage in work-related activities. See id. at 1085 (holding that since the treating physician's notes had numerous entries indicating office visits or telephone calls for prescription refills, and the entries were somewhat cursory, the ALJ was obligated to contact the doctor, who had treated Plaintiff for thirty years, for "additional evidence or clarification.").

Based upon the foregoing, the Court finds that there is not substantial evidence to support the ALJ's decision, and that this matter should be remanded to the ALJ in order for him to more fully address Plaintiff's allegations of pain, the side effects of the medications she is taking, and their effect on Plaintiff's ability to function in the workplace. The ALJ should then re-evaluate the Plaintiff's subjective allegations and RFC.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of February, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)