IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA LORRAINE SHEELEY                                                              PLAINTIFF


V.                                         NO. 11-2004


MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                                    DEFENDANT


**O R D E R**

Plaintiff, Cynthia Lorraine Sheeley, appealed the Commissioner's denial of benefits to this Court. On February 10, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 11). Plaintiff now moves for an award of $1,063.45 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 18.69 attorney hours of work performed before the Court in 2011 and 2012, at an hourly rate of $165.00. Plaintiff also seeks additional charges in the amount of $408.10. (Doc. 12-3). Defendant has filed a response, stating that he does not oppose Plaintiff's counsel's reasonable request for attorney fees at an hourly rate of $165.00 per hour, but does object to the total number of hours claimed, contending they are either clerical in nature or are excessive. (Doc. 15).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was

-1-

substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 for work performed in 2011 and 2012, for the 18.69 attorney hours which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The CPI-South index supports counsel's requested hourly rate. Accordingly, the Court finds that an award based upon an hourly rate of $165.00, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case.

Plaintiff's counsel seeks .25 hours for "Trip to Clerk's office to file Complaint," and .33 hours for "Letter to Attorney General, Michael McGaughran and Deborah Groom enclosing Complaint and Summons." This time is clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. V. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Accordingly, .58 hours will be deducted.

Plaintiff's counsel seeks .33 hours for "Receipt and review of Notice of Availability of US Magistrate to Exercise Jurisdiction, signed same and prepare letter to clerk to return the Notice." This should have taken no longer than .10 hours. Accordingly, .23 hours will be deducted.

Plaintiff's counsel seeks a total of $408.10 as additional expenses, $39.30 of which is for postage, $350.00 for filing fee, and $18.80 for copying costs. In response, Defendant asks that $39.30 of this amount, which represents postage, be characterized as an expense per 28 U.S.C. § 2412(b), (d). The Court finds Defendant's contention to have merit and finds that Plaintiff's counsel should be awarded $39.30 in expenses, and $369.80 in costs.

Also in his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel is awarded an attorney's fee under the EAJA for: 17.88 attorney hours (18.69 hours less .81 hours) at an hourly rate of $165.00 for work performed in 2011 and 2012, for a total attorney's fee award of $2,950.20, plus $39.30 in expenses and $369.80 in costs. This amount should be paid in addition

to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 21st day of August, 2012.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE